CHARLES P. GILLEN, PROSECUTOR, v. ESSEX COUNTY BOARD OF TAXATION, RESPONDENT.

CHARLES F. H. JOHNSON, PROSECUTOR, v. CITY OF PASSAIC, ITS BOARD OF COMMISSIONERS AND J. HOSEY OSBORN, RESPONDENTS.

JAMES BOWEN, PROSECUTOR, v. THE MAYOR AND ALDERMEN OF THE CITY OF JERSEY CITY AND ITS BOARD OF COMMISSIONERS, RESPONDENTS.

Argued November 8, 1917—Decided December 24, 1917.

1. The statute of 1917 (*Pamph. L., p. 41*), which imposes, for state road purposes, a tax of one mill on the dollar on all real and personal property upon which municipal taxes are assessed, levied and collected, is not unconstitutional because such classification does not include property which is subjected to taxes assessed, levied and collected by the state for its own use, under a statutory classification based upon its peculiar characteristics.

2. The main stem, and the value of the remaining property including the franchise, of railroad companies divided by statute, for the purpose of taxation, into first and fourth class railroad property, is not subject to the tax imposed by the act of 1917, but such exclusion is not in violation of the constitution.

3. Second-class railroad property is property upon which municipal taxes are assessed, levied and collected and therefore included in the classification of the statute of 1917 imposing a state tax for road purposes.

4. The statute includes within its classification all property not otherwise segregated in classes, for the purpose of taxation, based upon the characteristics of the property, and not upon the status of the owner, although he may have an irrepealable contract with the state exempting him from the payment of local taxes, and therefore the property of The Society for Useful Manufactures in Paterson is within the classification established by the statute of 1917, although a tax for municipal purposes may not be collectible because of its contract with the state.

5. The shares of the capital stock of banking associations and trust companies are also within the classification provided by the statute under consideration.

On *certiorari* to review the assessment of taxes levied upon the property of the prosecutors for state road purposes.

Before Justices GARRISON, BERGEN and BLACK.

For the prosecutors, *George L. Record* and *Michael J. Tansey.*

*Contra, John W. Wescott,* attorney-general, and *Herbert Boggs,* assistant attorney-general.

The opinion of the court was delivered by

BERGEN, J. In each of the above-stated causes an application is made by the respective prosecutors for the allowance of a writ of *certiorari* to review the assessment for taxation of the real and personal estate of the several applicants in the cities of Passaic, Jersey City and Newark respectively for the year 1917, the principal basis upon which the applications are rested being an assessment for state road purposes at the rate required by statute to be applied to the value of property assessed in the different municipalities.

The power to make these assessments is founded upon an act entitled "An act to provide for the taxation of real and personal property in this state for state road purposes" (*Pamph. L.* 1917, *p.* 41). This act provides that, for a period of five years, there shall be assessed annually "In each of the municipalities of the counties of this state, a tax of one mill on each dollar of the value of all the real and personal property in every such municipality upon which municipal taxes are or shall be assessed, levied or collected. Such tax shall be assessed, levied and collected in the same manner and at the same time as other taxes upon real and personal property are now assessed, levied and collected."

This is clearly a state tax, levied upon property classified "As property upon which municipal taxes are assessed, levied and collected."

The facts not being in dispute it was agreed at the argument that the three applications should be heard at the same time, and if the court should conclude that the writs ought to go then, without further argument, the court should consider and decide the controlling questions argued. We being

of opinion that fairly debatable questions are involved, have concluded to allow the writs and determine the questions raised with a resulting judgment which either party may review.

As the principal ground, applicable alike to all of the cases, is that the statute which it is claimed justifies the assessments is unconstitutional, we first deal with that question.

It is argued that the title of the act is insufficient because it applies to all real and personal property, while the body of the act limits its application to property upon which municipal taxes are levied and collected. The title does not read *all* real and personal property, but if it did, or should be so construed, it is sufficient to sustain an act which includes all real and personal property upon which municipal taxes are assessed, which, by fair intendment and reasonable implication includes all taxable property not subject to exemption, or to other methods of taxation because of its character or classification. The title is sufficiently indicative of the purpose of the act to support the legislation, and the statute is not unconstitutional for this reason.

It is next urged that the act is not valid because it does not include all railroad property, which has been classified by the legislature into four classes, on the first and fourth of which the statute lays a direct tax in which the municipalities take no part either in assessing, collection or participation in the proceeds, all being taken and applied by the state for its use, and collected by a special statutory method.

The third class it is admitted is subject to the statute under review, and that taxes thereon have been assessed locally, therefore it does not affect the present question.

The prosecutors contend that the statute of 1917 does not include first and fourth class railroad property and therefore is in violation of the constitutional requirement that "Property shall be assessed for taxation under general laws, and by uniform rules according to its true valuation."

There is no legal rule better settled in this state than that the classification of railroad property, for the purpose of taxation by a special scheme, does not violate the foregoing constitutional requirement concerning the levying of taxes, so

that if the statute of 1917 does not expressly or by implication include first and fourth class railroad property because of its classification and special method of assessment and collection by the state and the application of the entire proceeds to state uses, such exemption would not make the law unconstitutional, and if such classes are included, although subject to a different method of assessment and collection for state use, these prosecutors are not injured, because the amount of the taxes levied against their property cannot be affected by the assessment, by the state for road purposes of properly classified property, at the same rate, but by a different method. If these classes of property are not subject to the law of 1917 because of their classification, the legislature had the right to exempt them, and if it did the prosecutors have no legal ground of complaint. In either event their rights are not affected. However, in view of the earnest argument of this phase of the case by the prosecutors, we have carefully considered it and are of opinion that the property of railroad companies classified as first and fourth classes are not within the classification of the Road Tax act of 1917 and not subject to taxation thereunder, but that their exclusion does not render that act special, our reason being that the two classes of property constitute an entity that has, strictly speaking, no locality for purposes of taxation. This marked characteristic, together with the fact that such property, for the purpose of taxation, consists largely in the peculiar value imparted to it by its use under its franchise, renders it sufficiently unique to justify its separate classification for state taxation and its exemption from classification of property taxed for local purposes. *Long Dock Co.* v. *State Board,* 78 *N. J. L.* 44; *affirmed,* 79 *Id.* 604.

A different question arises as to second-class railroad property, for in each of the three cities involved, the value of second-class railroad property, as fixed by the state board, was included in the ratables and the rate of taxation computed on that basis, so if this latter class of railroad property is not within the law, that is, not property upon which municipal taxes are to be assessed, levied and collected, then each mu-

nicipality, having within its borders second-class railroad
property, would be required to pay to the state on account of
road taxes, more money than could lawfully be collected, and
to that extent the assessment would be unjust.

Under the law relating to the taxation of railroad prop-
erty it is made the duty of every assessor in all taxing districts
within which there may be second-class railroad property, to
send to the state board of assessors in each year a statement of
such property, showing the assessed valuation thereof by the
state board (whose duty it is to make such valuation) and at
the same time certify to the state board the local rate of taxa-
tion ascertained by adding to the sum of the valuation of all
other taxable property, the valuation of second-class railroad
property fixed by the state board and computing its relation
to the sum to be raised. The state board then applies the
certified rate to the value of such property and ascertains the
amount of tax to be raised for local use from second-class
railroad property, which the state collects and remits to the
municipality. We think a tax thus levied, assessed and col-
lected is a municipal tax within the meaning of the law of
1917. The local authorities, it is true, do not value the prop-
erty; that is done by the state board, but such valuation is
certified to the local authorities and on it, with other ratables,
they ascertain the percentage according to which all taxes are
assessed and their amount determined. The tax that is thus
assessed in part by municipal agencies is received *in toto*
by such municipalities just as all other municipal taxes are,
for local purposes generally, and not for any specific object
fixed by the legislature as in the case with the school tax.
These and other substantial features distinguish the tax on
second-class railroad property from the state tax, that was
dealt with in the case of *The Society for Useful Manufactures*
v. *Paterson,* 89 *N. J. L.* 208. As was said in the opinion in
that case: "The method of assessment and collection throws
no light upon the character of (a) tax." The substantial fea-
tures of the local property of railroads upon which taxes are
thus raised for strictly municipal purposes, bring such prop-
erty within the classification of the Road Tax act, by which

the legislature described the entire class of property subject to such tax by its general characteristics for purposes of taxation, and not by special features that bore only upon the convenience of collection. A classification that was valid for this latter purpose might not be valid for the former object. It is fundamental that the validity of a classification depends upon the legislation that is proposed to be based upon it, hence the corollary is that a classification shall be considered in the light of the proposed legislation especially when necessary to render such classification constitutional. In our opinion second-class railroad property is taxable under the act of 1917.

The next point argued is that the act does not include the franchises of street using public utilities corporations.

The brief of the prosecutors relating to this point consists of a mere statement that whether the tax to which public franchises of all such utility corporations are subject, be state or local, in neither case does the act provide any machinery for their collection. We think this is without merit for the act provides that the taxes imposed by it shall be collected as other taxes are, and there is ample provision in the law for the assessment and collection of either class. It makes no difference to these prosecutors whether the tax be state or local, for such franchises are either exempted, by reason of classification, from local taxation, or subject to the act under consideration. and if, under the act they are subject to local taxation and have been omitted by the local assessor, that is an error in execution of the law which does not make it unconstitutional.

It is further argued that the act is unconstitutional because it does not include the shares of the capital stock of banking associations and trust companies. It does include such property unless the act of 1914 (*Pamph. L., p.* 141) relating to assessment and collection of taxes upon the shares of the capital stock of banks and trust companies, puts such stock beyond the pale of local taxation. We fail to perceive why under that act such stocks are not property upon which municipal taxes are assessed, levied and collected. The valuing of the property, and the assessment and collection of the tax

is all performed by the local officers, and the mere fact that the statute fixes the rate, does not make it a state, as distinguished from a municipal tax. We have no doubt that all such stocks are subject to the tax imposed by the act of 1917.

It is also urged that the act is unconstitutional because it does not include the real and personal property of The Society for Useful Manufactures in the city of Paterson.

The argument that the act is unconstitutional because its classification excludes the property of The Society for Useful Manufactures is based upon a false premise and fails to note the distinction between property and the owners of property, that has been insisted upon by our cases touching taxation. Briefly stated these cases hold that property must be classified by its characteristics as property, and not by the status of its owner, or by some incident of that ownership. The first of these propositions is illustrated in the classic case of *State Board of Assessors* v. *Central Railroad Co.*, 48 *N. J. L.* 146, and the second in the more recent case of *Tippett* v. *McGrath*, 70 *Id.* 110; *affirmed*, 71 *Id.* 338. From the principles thus established it follows that as property can be lawfully classified by its own characteristics only, and not by the status of its owner, its classification by its own characteristics cannot be rendered unlawful by the status of its owner or by any mere incident of such ownership.

A contract with the state by the owner of property for its exemption from local taxation is the act of the owner, not a use of the property, and the resulting immunity is therefore an incident of ownership, not a characteristic of property. From this it follows that a classification that includes such property according to its characteristics as such, which is the only legitimate test, cannot be judically held to exclude it upon considerations derived from the status of its owner. The legal rule that property must be classified by the characteristics possessed by it, and not by the incidents of its ownership must be consistently applied to the upholding of a classification that exactly conforms to the legal rule. This being so, the fact that The Society for Useful Manufactures has an irrepealable contract with the state exempting its property

from local taxation is a negligible circumstance in deciding whether that property is excluded from a classification which by its own characteristics does unquestionably include it. The fact that an owner of property is immune from taxation, not being a characteristic of property, cannot be made the basis either of a valid classification of property or of a successful attack upon a classification otherwise valid. The property of this corporation is within the classification of the Road Tax act, even if municipal taxes may not be collectible because of a contract which it has with the state. The statute is not unconstitutional upon this ground.

It is also urged that the assessment against the prosecutor, Charles F. H. Johnson, is invalid because no action was taken by the commissioners of the city of Passaic assessing or levying the road tax. What appears to have been done in the city of Passaic was the making of an assessment and the fixing of the tax rate by the county board of taxation, which included the one mill tax authorized for state road purposes, although the municipal authorities had taken no action with reference to the state tax for roads, and that the commissioner of revenue and finance entered upon the tax collector's duplicate an assessment against the prosecutor for an amount which was arrived at by multiplying the value of his taxable property by the local percentage rate which included the one mill rate fixed by the statute. We see nothing in this objection. The one mill rate is fixed by the statute and the local authorities had no control over it.

They fixed the rate for local purposes and having ascertained the ratables subject to taxation, it became the duty of the collector to add to it the rate fixed by the legislature to be applied in ascertaining how much should be raised for state road purposes. This objection, if it has any foundation, is technical, and in no way affects the amount to be paid.

It is also argued that in the counties of Passaic and Hudson, the county board of taxation apportioned to the cities of Passaic and Jersey City the amount to be raised by them respectively, and in doing this added to the local ratables the value of second-class railroad property. It may be granted

that the county board of taxation had no power to make any apportionment, but as we have decided that second-class railroad property should be included in ascertaining the per centum to be applied to the local valuation, the prosecutors are not injured, for they pay no more tax than they would if no such apportionment had been made. They are called upon to pay a percentage arising from adding to the local rate the one mill rate provided by statute, and we fail to see of what consequence it is to them what amount the county board may have apportioned to the respective cities, for the rate ascertained by adding the local and state rates is all that was applied to the assessed value of their real and personal estate. But if for any reason not apparent to the court, an inequality has arisen through the action of the county board, the remedy is by an appeal to the state board.

This disposes of all the questions argued, with the result that the statute assailed is a constitutional one, and that the assessment against each of these prosecutors is valid and will be affirmed in each case, with costs.